TERRELL, Justice.
In February 1952, C. B. Patterson filed suit in ejectment against Bruce E. Neubig, Edna L. Neubig, his wife, Girard A. Ruber-ton and Ruth J. Ruberton, his wife, to recover possession of certain lands with profits therefrom. The answers tendered the defense of not guilty with other affirmative defenses, the fourth of which had to do with deraignment of title which showed that the source of title of all defendants was a Sheriff’s Deed executed by the Sheriff of Dade County February 29, 1932, under a levy made on the lands of C. B. Patterson by said Sheriff. To said answers the plaintiff filed motion raising the legal sufficiency of defendants’ title pursuant to provisions of Common Law Rule 48, 30 F.S.A.
The real purpose of the complaint was to invalidate the Sheriff’s Deed of February 29, 1932 on the ground that the judgment and execution on which it was predicated were void in that the Sheriff made a false return of service in a certain suit brought against C. B. Patterson, the original plaintiff, by Standard Oil Company in Duval County. C. B. Patterson died during pendency of the litigation and the present plaintiffs, now appellants, were substituted as parties to the cause. The case was tried •by the Court without a jury and at the conclusion of the plaintiff’s testimony defendants moved for judgment in their favor, which was granted. A final judgment was entered accordingly, from which this appeal was prosecuted.
The only point for determination is whether or not the evidence was sufficient to impeach the Sheriff’s return in the suit brought against C. B. Patterson by Standard Oil Company.
The trial court found that if “under the existing state of the law, a return of a sheriff may be impeached in the absence of an allegation or proof of fraud or collusion, the testimony submitted by the plaintiff is far from clear and convincing, that the summons was not served by the Sheriff as stated in his return; that the plaintiff has failed to sustain his objections to the legal sufficiency of the defendants’ chain of title and that the motions of the defendants for judgment should be granted.” We have examined the testimony and find no reason to overthrow the judgment and finding of the trial court on this point.
It is therefore our view that the plaintiff failed to prove that the return of the *147 Sheriff was false. Having reached this conclusion other questions raised become unimportant and are not discussed.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.